UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERTO OTERO,<br><br>    Plaintiff,<br><br>    v.<br><br>WORLD'S BIGGEST GIFT SHOP,<br><br>    Defendant. | Case No. 2:25-cv-01329-MMD-EJY<br><br>**ORDER** |

    Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. The IFP Application is submitted on a form provided by the Las Vegas Township Justice Court (ECF No. 1), while the Complaint is on a Small Claims form from the same court. *Id.* The Court sets aside the failure to use the District of Nevada forms (*see* Local Special Rules LSR 1-1 and 2-1) and finds Plaintiff provides the information necessary to qualify for IFP status. The Court further finds the Complaint contains all information called for by the Court's form. Thus, the Court screens Plaintiff's Complaint.

**I.     Screening Standard**

    Under 28 U.S.C. § 1915(e)(2), the reviewing Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

    Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint

that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.   Discussion**

In his Complaint, Plaintiff alleges he entered the World's Biggest Gift Shop (the "Gift Shop"), proceeded to shop placing items into a basket he retrieved in the store, and was subsequently harassed by store employees based on his race. ECF No. 1-1 at 3. These allegations do not state a claim under section 1983. That is, to state such a claim, a plaintiff must allege: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's

conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see West v. Atkins,* 487 U.S. 42, 48 (1988). Here, Plaintiff alleges no facts suggesting, let alone supporting, that any employee of the Gift Shop was acting under color of state law. Indeed, as the Ninth Circuit noted in *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991), private parties generally do not act under color of state law. Given the allegations made here, the Court finds this case cannot proceed under 42 U.S.C. § 1983.

Nonetheless, construing the facts liberally, the Court considered whether Plaintiff could potentially state a claim under 42 U.S.C. § 1981 as this statute has been employed in the non-employment discrimination context. In *Touray v. Burlington Coat Factory Warehouse Corporation*, Civil Action No. 3:21-cv-5407-BJR, 2021 WL 6051146 (W.D. Wash. Dec. 21, 2021), the court considered whether § 1981 could be applied to a circumstance not dissimilar to the one at bar. The court noted that: "To establish a prima facie case of racial discrimination under section 1981, … [the plaintiff] must establish that he (1) "is a member of a protected class;" (2) "attempted to contract for certain services;" and (3) "was denied the right to contract for those services." *Id*. at *2 (quoting *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006) *citing Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001)) (footnote omitted). The defendant in *Touray* argued, and the court agreed, that while plaintiff was a member of a protected class he could not state a prima facie claim of race discrimination "because the uncontroverted evidence demonstrate[d] … [he] did not attempt to make a purchase at the store, nor was he denied the right to make such a purchase." *Id*. The court in *Touray* cited cases from numerous other courts before reaching the conclusion "that to establish a prima facie case of discrimination under section 1981, at a minimum, a retail plaintiff must have attempted to contract with the store. Merely entering the store to shop is not sufficient." *Id*. at 3 *citing Brown v. Mydatt Services, Inc.*, 2008 WL 1925041, at *5 (D. Ore. April 8, 2008) ("[A] contract is not created between a patron and a retail establishment merely by virtue of physically crossing the threshold onto the [store's] property.").

Here, while the allegations in Plaintiff's Complaint do not plainly state he made a purchase, Plaintiff describes placing items into a shopping basket (socks and t-shirts) after which he was approached by a store employee about bringing those items to the counter. ECF No. 1-1 at 3.

Plaintiff explains he responded to the employee stating that he was still shopping. *Id*. Plaintiff alleges he was then approached a second time by two store employees, but when he walked to the counter with his basket, the employees essentially accused him of shoplifting. *Id*. Plaintiff says he was "harassed" (*id*.) and refers to the events as racial profiling. *Id*. at 2.

The Court liberally construes Plaintiff's claim as arising under 42 U.S.C. § 1981. The Court finds Plaintiff alleges sufficient facts to state that he is a member of a protected class, he attempted to contract for certain services—make purchases at the Gift Shop, and was denied the right to do so. Thus, Plaintiff's Complaint may proceed on a race discrimination claim under 42 U.S.C. § 1981.

### III. Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint against Defendant World's Biggest Gift Shop may proceed.

IT IS FURTHER ORDERED that the Clerk of Court must separate ECF No. 1-1 from ECF No. 1 and file it on the docket as Plaintiff's Complaint.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff **one** USM-285 form, which Plaintiff **must** complete to the best of his ability and return to the U.S. Marshal Service no later than **August 15, 2025**, at the following address:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

Plaintiff is advised to review the Nevada Secretary of State Business Entity Search website for the identity and address for the World's Biggest Gift Shop's registered agent upon whom service of his Complaint should be made.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for the World's Biggest Gift Shop and deliver the summons, together with one copy of Plaintiff's Complaint and one copy of this Order to the U.S. Marshal Service for service on Defendant.

      IT IS FURTHER ORDERED that the U.S. Marshal Service **must** attempt service no later than twenty-one (21) days after receipt of the USM-285 from Plaintiff and documents from the Clerk of Court.

      IT IS FURTHER ORDERED that Plaintiff's failure to timely comply with the terms of this Order may result is a recommendation to dismiss this matter in its entirety.

      Dated this 24th day of July, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE