UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT OTERO,<br><br>                    Plaintiff,<br><br>     v.<br><br>WORLD'S BIGGEST GIFT SHOP,<br><br>                    Defendant. | Case No. 2:25-cv-01329-MMD-EJY<br><br>ORDER |

I.    **SUMMARY**

Pro se Plaintiff Robert Otero filed a civil rights complaint suing Defendant World's Biggest Gift Shop (ECF No. 1-1). The Court screened his Complaint (ECF No. 4) and permitted him to proceed on a race discrimination claim under 42 U.S.C. § 1981 (ECF No. 3). Before the Court is Defendant's motion to dismiss (ECF No. 14 ("Motion")).[1] As discussed below, the Court grants the Motion based on improper service of process.

II.    **BACKGROUND**

The Court permitted Plaintiff to proceed on his race discrimination claim and further directed the Clerk of Court to issue a summons for the World's Biggest Gift Shop and deliver the summons to the U.S. Marshal Service (USMS) for service on Defendant. (ECF No. 3 at 4.) The Court directed Plaintiff to "review the Nevada Secretary of State Business Entity Search website for the identity and address for the World's Biggest Gift Shop's registered agent upon whom service of his Complaint should be made." (*Id.*) The summons was returned unexecuted. (ECF No. 10.) The Court noted that Plaintiff completed the USM-285 form with the street address of Defendant's business, rather than with its registered agent's information, and again advised Plaintiff to review the Nevada

---

[1]Plaintiff filed a Motion for Summary Judgment, which states that it is filed in opposition to Defendant's Motion. (ECF No. 17.) The Court construes this as a response. Defendant filed a reply (ECF No. 18.)

Secretary of State's website to search for the registered agent of the World's Biggest Gift Shop. (ECF No. 11.)

Plaintiff appears to have attempted to comply with these instructions by directing the USMS to serve the "Haim Gabay – Nevada Domestic Limited-Liability Company" for Defendant "Word's Biggest Gift Shop's New Bonanza LLC." (ECF No. 13.) The process receipt indicates that Plaintiff provided two addresses, including that of "Bonanza Gift Shop." (*Id.*) The remarks section indicates that USMS left service of process with "an unknown employee." (*Id.*)

Defendant subsequently filed a Certificate of Interested Parties naming New Bonanza LLC and Haim Gabay as interested parties and noting that Defendant was improperly named. (ECF No. 16.)

**III.   DISCUSSION**

Defendant moves to dismiss Plaintiff's Complaint for improper service of process under Federal Rule of Civil Procedure 12(b)(5).[2] Defendant argues that Plaintiff has not properly effectuated service of process of the summons and Complaint upon it, therefore the Court must "dismiss the action without prejudice against that defendant or order that service be made within a specified time" under Rule 4(m). (ECF No. 14 at 4-5).

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 12(b)(5) permits a defendant to move to dismiss an action where service of process was insufficient. *See* Fed. R. Civ. P. 12(b)(5). Where service is insufficient, the district court has discretion to dismiss the action or quash service. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976)).

---

[2]Defendant also moves to dismiss for failure to state a claim under Rule 12(b)(6). (ECF No. 14 at 5-8.) Because the Court finds the issue of service of process dispositive, the Court declines to address this argument on the merits.

Rule 4(h)(1) provides, in pertinent part, that service on a domestic corporation made be effectuated "in the same manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) allows for service consistent with state law. Fed. R. Civ. P. 4(e)(1). Under Nevada law, service may be made on the corporation's registered agent or its officer. Nev. R. Civ. P. 4.2(c).

Here, Defendant has established that process was not proper. The summons returned reflects that "unknown employee" working at the gift shop was served with process (ECF No. 13), which does not constitute proper service under the Federal or Nevada Rules of Civil Procedure. Accordingly, the Court grants Defendant's Motion.

Because it appears that Plaintiff has named an incorrect entity as Defendant, the dismissal is without prejudice and with leave to amend. Plaintiff is granted leave to file an amended complaint to name the correct entity and to seek to serve the entity's authorized agent. The Court cautions Plaintiff to name the correct entity as a Defendant, not the store's apparent nickname or slogan or a combination thereof.  Plaintiff is not permitted leave to bring additional claims or state unrelated factual allegations, but the Court permits Plaintiff leave to provide additional facts to support only his racial discrimination claim under 42 U.S.C. § 1981. The Court directs Plaintiff to the Court's Screening Order, which explains the relevant legal standard. (ECF No. 3 at 3-4.)

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 14) is granted. Plaintiff's Complaint (ECF No. 4) is dismissed without prejudice and with leave to amend. Plaintiff will have 30 days from the date of this order to file an amended complaint naming

the correct legal entity and additional factual allegations to support his racial discrimination claim. Failure to file an amended complaint within this time frame will result in dismissal of this action with prejudice.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 17) is construed as a response to Plaintiff's motion to dismiss (ECF No. 14), and so construed, the motion (ECF No. 17) is accordingly denied as moot.

DATED THIS 15th Day April 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE